IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADARIA BRACY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1054-SRF |
| | ) | |
| John Doe Officers A & B, | ) | |
| DOVER POLICE DEPARTMENT, | ) | |
| CHIEF THOMAS A. JOHNSON, | ) | |
| individually and in his capacity as CHIEF | ) | |
| OF DOVER POLICE DEPARTMENT, | ) | |
| and CITY OF DOVER, a Governmental | ) | |
| Entity, | ) | |
| | ) | |
| Defendants. | ) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MEGAN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1081-SRF |
| | ) | |
| John Doe Officers A & B, | ) | |
| DOVER POLICE DEPARTMENT, | ) | |
| CHIEF THOMAS A. JOHNSON, | ) | |
| individually and in his capacity as CHIEF | ) | |
| OF DOVER POLICE DEPARTMENT, | ) | |
| and CITY OF DOVER, a Governmental | ) | |
| Entity, | ) | |
| | ) | |
| Defendants. | ) | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DE'LANTE MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-1080-SRF |
| ) | |
| John Doe Officers A & B, ) | |
| DOVER POLICE DEPARTMENT, ) | |
| CHIEF THOMAS A. JOHNSON, ) | |
| individually and in his capacity as CHIEF ) | |
| OF DOVER POLICE DEPARTMENT, ) | |
| and CITY OF DOVER, a Governmental ) | |
| Entity, ) | |
| ) | |
| Defendants. ) | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSE BOZEMAN AND SAMIAH ORTIZ, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 22-1079-SRF |
| ) | |
| John Doe Officers A & B, ) | |
| DOVER POLICE DEPARTMENT, ) | |
| CHIEF THOMAS A. JOHNSON, ) | |
| individually and in his capacity as CHIEF ) | |
| OF DOVER POLICE DEPARTMENT, ) | |
| and CITY OF DOVER, a Governmental ) | |
| Entity, ) | |
| ) | |
| Defendants. ) | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIGUEL PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1077-SRF |
| | ) | |
| John Doe Officers A & B, | ) | |
| DOVER POLICE DEPARTMENT, | ) | |
| CHIEF THOMAS A. JOHNSON, | ) | |
| individually and in his capacity as CHIEF | ) | |
| OF DOVER POLICE DEPARTMENT, | ) | |
| and CITY OF DOVER, a Governmental | ) | |
| Entity, | ) | |
| | ) | |
| Defendants. | ) | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZACHARY SOLITO AND JUSTIN SOLITO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1078-SRF |
| | ) | |
| John Doe Officers A & B, | ) | |
| DOVER POLICE DEPARTMENT, | ) | |
| CHIEF THOMAS A. JOHNSON, | ) | |
| individually and in his capacity as CHIEF | ) | |
| OF DOVER POLICE DEPARTMENT, | ) | |
| and CITY OF DOVER, a Governmental | ) | |
| Entity, | ) | |
| | ) | |
| Defendants. | ) | |

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACOB SVABY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-1076-SRF |
| ) | |
| John Doe Officers A & B, ) | |
| DOVER POLICE DEPARTMENT, ) | |
| CHIEF THOMAS A. JOHNSON, ) | |
| individually and in his capacity as CHIEF ) | |
| OF DOVER POLICE DEPARTMENT, ) | |
| and CITY OF DOVER, a Governmental ) | |
| Entity, ) | |
| ) | |
| Defendants. ) | |

Christofer Curtis Johnson, THE JOHNSON FIRM, LLC, Wilmington, DE.

    Attorney for Plaintiffs.

Daniel A. Griffith, WHITEFORD TAYLOR PRESTON, LLC, Wilmington, DE.

    Attorney for Defendants.

## **MEMORANDUM OPINION**

September 27, 2024
Wilmington, Delaware

**FALLON, U.S. MAGISTRATE JUDGE:**

Presently before this court are seven related civil rights lawsuits brought against Defendants' Chief Thomas A. Johnson ("Chief Johnson"), City of Dover (the "City"), the Dover Police Department ("Police Department") and unknown John Doe Officers A & B of the Dover Police Department ("Doe Officers") (collectively, "Defendants"). Defendants filed an omnibus motion to dismiss all seven complaints, for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (D.I. 10)[2]

On January 6, 2023, the parties consented to the jurisdiction of the undersigned Magistrate Judge to conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (D.I. 9) The court has jurisdiction over these actions pursuant to 28 U.S.C. §§ 1331 and 1367. For the foregoing reasons, Defendants' motion to dismiss for failure to state a claim is **GRANTED–IN–PART and DENIED–IN–PART**.

**I.  BACKGROUND**

On June 9, 2020, Plaintiffs were protesters who were arrested after attending a demonstration organized by the activist group "Disrupt to Focus." (*E.g.*, D.I. 1-1 ("Bracy Compl."))[3] Plaintiffs were protesting racial injustice following the death of George Floyd. (*Id.* at ¶¶ 10–11) Plaintiffs state they were peacefully protesting on the southbound side of Route 13 in

---

[1] This matter has been brought by nine Plaintiffs in seven separate lawsuits alleging similar causes of action against the same Defendants. Those Plaintiffs are, Adaria Bracy, C.A. No: 1:22-CV-01054, Megan Thomas, C.A. No: 1:22-CV-01081, De'lante Moore, C.A. No: 1:22-CV-01080, Rose Bozeman and Samiah Ortiz, C.A. No: 1:22-CV-01079, Miguel Perez, C.A. No: 1:22-CV-01077, Zachary Solito and Justin Solito, C.A. No: 1:22-CV-01078, and Jacob Svaby, C.A. No: 1:22-CV-01076, (collectively, "Plaintiffs").

[2] The briefing associated with the motion to dismiss is found at C.A. No: 1:22-CV-01054, D.I. 10, D.I. 11, D.I. 14, and D.I. 17.

[3] For purposes of the pending motion, all citations are to the case of Adaria Bracy, C.A. No: 1:22-CV-01054, unless otherwise indicated.

5

Dover, Delaware, when unknown Dover police officers forcefully detained, assaulted, and arrested protestors in violation of their constitutional rights. (*See id.* at ¶¶ 11–14)

Plaintiffs filed these lawsuits in the Superior Court of Delaware for Kent County, on June 9, 2022. (*E.g.*, D.I. 1 at ¶¶ 1, 5) On August 16, 2022, Defendants timely removed these cases to the United States District Court for the District of Delaware. (*E.g.*, D.I. 1)

The complaints filed by, Bracy, Svaby, both Solitos, Bozeman and Ortiz, Moore, and Thomas assert six counts: Count I asserts violations of 42 U.S.C. § 1983 for use of excessive force; Count II asserts violations of Section 1983 for unlawful detention and arrest pursuant to the Fourth Amendment; Count III asserts violations of Section 1983 pursuant to the First Amendment; Count IV asserts intentional infliction of emotional distress; Count V asserts *Monell* liability pursuant to Section 1983; and Count VI asserts negligent hiring, negligent retention, negligent supervision, and negligent infliction of emotional distress asserted specifically against the City of Dover, Dover Police Department, and Chief Johnson. (*E.g.*, D.I. 1)

Bozeman and Ortiz's complaint asserts the aforementioned counts and further includes: Count VII — violation of 11 *Del. C.* § 1902(c) for detaining Ortiz longer than two hours without a formal charge; Count VIII — violations of police department policy for placing Ortiz, a juvenile, with adult detainees; and Count IX — violations of 10 *Del. C.* § 933(a) for failing to notify Bozeman as Ortiz's guardian that Ortiz had been taken into police custody. At the time of the alleged incident, Plaintiff Ortiz was a minor, but reached the age of majority as of the time her complaint was filed. Thus, she may prosecute her claims on her own behalf. *See* Fed. R. Civ. P. 17(a).

Perez's complaint only asserts three counts: Count I asserts a Section 1983 violation of his First Amendment right to assemble ("Perez Count I"); Count II asserts *Monell* liability

pursuant to Section 1983 ("Perez Count II"); and Count IV [sic][4] asserts negligent hiring, negligent retention, negligent supervision, and negligent infliction of emotional distress against the Dover Police Department, Chief Johnson, and the City of Dover ("Perez Count IV").[5]

In all counts of the complaints, with the exception of Count VI, Plaintiffs fail to indicate which claims are asserted against which Defendants. Counts I through IV appear to be directed against the Doe Officers, as there is no indication that Chief Johnson was present at the protests. Otherwise, Counts V through VI are directed against the Police Department, Chief Johnson, and the City of Dover.

On December 21, 2022, the parties agreed to consolidate the cases pursuant to Federal Rule of Civil Procedure 42, **for the purposes of discovery only**, with Bracy designated as lead Plaintiff. (D.I. 6) (emphasis added) On January 17, 2023, Defendants filed the present omnibus motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (D.I. 10) Plaintiffs filed their answering brief on March 2, 2023. (D.I. 14) The Defendants filed their reply brief on March 9, 2023, and the matter is ripe for review. (D.I. 17)

## II.  LEGAL STANDARD

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

---

[4] Perez's Complaint does not assert a third count, Count IV, seemingly in error, is the third and final count asserted by Perez. (*See* Perez Compl. at 5)

[5] All Perez Counts will be addressed together with the general counts alleged by all Plaintiffs. Perez Count I will be addressed by Count III, Perez Count II will be addressed by Count V, and Perez Count IV, will be addressed by Count VI.

U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In assessing the plausibility of a claim, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555–56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* at 231.

### III.   DISCUSSION

Defendants make three arguments in favor of dismissal: (A) Plaintiffs' Section 1983 claims against the Doe Officers should be dismissed because they do not identify which officers, independent of any other officer, committed the alleged violations and the pleadings lack the requisite factual specificity to state a claim against any of the Defendants; (B) Plaintiffs' *Monell* claims lack factual specificity as to any policy, custom or practice set forth by the Dover Police Department, Chief Johnson, or the City of Dover; and (C) the state tort claims should be

dismissed because the Defendants are immune from suit based upon the County and Municipal Tort Claims Act. 10 *Del. C.* §4010. (D.I. 11)

### A. Counts I through III - Section 1983 Claims

Defendants argue that the Plaintiffs have not set forth specific facts supporting liability against the Doe Officers. (D.I. 11 at 12) Defendants further argue the complaints' "blanket" pleadings fall short of the requirements set forth by the Third Circuit, while not citing any case law for this proposition. In response, the Plaintiffs state they have pled facts with enough factual specificity to give rise to a plausible cause of action against the Defendants.

"On its face, [Section 1983] makes liable 'every person' who deprives another of civil rights under color of state law." *Burns v. Reed*, 500 U.S. 478, 497 (1991) (Scalia, J., concurring in part and dissenting in part). However, "[t]his section does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (citations omitted).

In order to state a claim under Section 1983, the Plaintiffs must establish that the Defendants, while acting under the color of state law, deprived them of a right secured by either the United States Constitution or a law of the United States. *Id.* (citing *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)).

All Plaintiffs allege violations of 42 U.S.C. § 1983 amounting to the use of excessive force, unlawful detention, and deprivation of their First Amendment rights as follows:

- Plaintiff Bracy alleges that officers forcefully "blind sighted" and "clothesline[d]" her as she ran to assist a fellow protestor. (*Id.* at ¶¶ 16–17)

- Plaintiff Svaby alleges that officers unnecessarily pushed him to the ground. (C.A. No.

9

22-1076-SRF D.I. 1-1 ("Svaby Compl.") at ¶ 16)  He was held at the Dover Police Station for over twelve (12) hours before being released without charge. (*See id.* at ¶ 18)

- Plaintiff Perez alleges his right to assemble was infringed when the police broke up the protest without cause. (C.A. No. 22-1077-SRF D.I. 1-1 ("Perez Compl.") at ¶¶ 20–21)

- Plaintiff Z. Solito alleges that he was tackled and left stomach-down and handcuffed, hurting his wrists. (C.A. No. 22-1078-SRF D.I. 1-1 ("Solito Compl.") at ¶¶ 24–25)  Plaintiff J. Solito alleges he was tackled by an officer, injuring his right bicep. (*Id.* at ¶¶ 20–21)

- Plaintiff Ortiz was arrested at the protest.  At the time of the incident, Plaintiff Ortiz was a minor, and Bozeman was her legal guardian. (C.A. No. 22-1079-SRF D.I. 1-1 ("Bozeman Compl.") at ¶¶ 11, 22)  After Ortiz was arrested, officers allegedly did not allow her to make a telephone call. (*Id.* at ¶ 21)  Bozeman was not given any information about Ortiz's detainment. (*Id.* at ¶¶ 22–23)  Ortiz was allegedly housed with adults at the police station. (*Id.* at ¶ 25)

- Plaintiff Moore alleges he was tackled from behind by an officer and slammed to the ground. (C.A. No. 22-1080-SRF D.I. 1-1 ("Moore Compl.") at ¶ 17)

- Plaintiff Thomas alleges that officers forcefully grabbed her by each arm, resulting in a sprain. (C.A. No. 22-1081-SRF D.I. 1-2 ("Thomas Compl.") at ¶ 16)  Thomas alleges she was placed in the back of a hot police car for twenty-five (25) minutes without air conditioning or open windows when the temperature was roughly 80°F. (*Id.* at ¶¶ 18–19)  Thomas states she has asthma and was wearing a face covering, which made breathing difficult. (*Id.* at ¶ 19)

The court finds Defendants' argument that Plaintiffs' Section 1983 claims lack sufficient factual support unavailing.  Each Plaintiff alleges that they attended a protest, and that protest was unnecessarily and forcefully broken up by police. (*See, e.g.*, Bracy Compl.)  Plaintiffs each allege in their respective pleadings, specific interactions with police, for example, being

wrongfully detained, knocked over, tackled, or slammed to the ground. (*E.g.*, *id.* at ¶ 17; Moore Compl. at ¶¶ 16–17; *E.g.*, Svaby Compl. at ¶ 18)

All Plaintiffs state in Count III that the actions of the police were motivated to disband the protest due to the content of the protestors' speech, in violation of their rights under the First Amendment. (*E.g.*, Bracy Compl. at ¶¶ 37–38)  Perez also successfully alleges that his First Amendment rights were infringed when the protest was disbanded without cause. (Perez Compl. at ¶ 20)

Defendants, through their omnibus approach, do not address the sufficiency of each complaint individually, and fail to carry their burden of demonstrating that each of the seven complaints, individually, lacks a facially plausible Section 1983 claim against the unknown officers.  Viewing the allegations of each complaint in the light most favorable to each respective Plaintiff, the court **DENIES** the motion to dismiss the Section 1983 claims in Counts I through III against the Doe Officers.

Defendants further move to dismiss the Section 1983 claims pertaining to Chief Johnson because none of the complaints specifically allege that he committed a 1983 violation.  The Plaintiffs have failed to respond to this argument, so it is waived.  *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n. 6 (3d Cir. 1997) (stating arguments not raised or raised in passing such as, in a footnote, but not squarely argued, are considered waived).  Accordingly, the motion to dismiss the Section 1983 claims, against Chief Johnson, in Counts I through III, is **GRANTED** without prejudice.

### B. Counts I through III - Failure to Identify Doe Officers

Defendants' related argument in support of dismissal of the Doe Officer Defendants is Plaintiffs' failure to "plead with the requisite specificity the actions of each individual Defendant police officer which allegedly rise to the level of a constitutional violation." (*Id.* at 6)  The focus

11

of Defendants' argument is that any future amendment of the complaint to specifically identify the Doe Officers would be barred by the statute of limitations. (*Id.* at 6–7)

Plaintiffs oppose the motion stating that the fictitious names used for the Doe Officers in the complaints act as placeholders to preserve their claims until the identities of the officers become known. (D.I. 14 at 10) Once the Doe Officers' identities are revealed during discovery, they will be added to the complaints via Federal Rule of Civil Procedure 15(c). (*Id.* at 9–12) Plaintiffs argue that any such amendment would relate back to the filing date of the original pleading under Rule 15(c). (*Id.* at 10–11)

Defendants cite no authority to support their assertion that Plaintiffs must identify each individual officer's conduct or identify the officers by name at the pleadings stage. To the contrary, Section 1983 suits against unnamed officers routinely proceed to discovery if sufficient facts are asserted and it is likely that the Doe Officers can be identified during discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) (collecting cases in support); *see, e.g., Cooper v. Atl. Cnty. Just. Facility*, 2015 WL 1788951, at *4 (D. N.J. Apr. 20, 2015).

The United States Court of Appeals for the Third Circuit stated in a Section 1983 case that the use of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified. *Blakeslee v. Clinton County*, 336 Fed. Appx. 248, 250 (3d Cir. 2009) (citing *Klingler v. Yamaha Motor Corp., U.S.A.*, 738 F. Supp. 898, 910 (E.D. Pa. 1990). However, if reasonable discovery does not reveal the proper identities, the John Doe defendants must be dismissed. *Id.* (citing *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34, 37 (E.D. Pa. 1990) ("Fictitious parties must eventually be dismissed ... if discovery yields no identities.")).

The Defendants do not address the authority that permits Plaintiff to assert claims against defendants whose identities are unknown at the time of filing. Instead, Defendants argue against amendment of the pleadings on statute of limitations grounds as if a motion to amend under Rule

15 was pending. Defendants contend that the two-year Delaware statute of limitations bars any amendment because the conduct in issue occurred "over two and half years ago." (D.I. 11 at 7); *See* 10 *Del. C.* § 8119. Section 1983 claims are subject to the applicable statute of limitations for personal injury claims in the jurisdiction where the injury occurred, therefore, a two-year statute of limitations applies in the instant case. *See Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985); *see also City of Rancho Palos Verdes, California v. Abrams*, 544 U.S. 113, 124 n.5 (2005) ("The statute of limitations for a § 1983 claim is generally the applicable state-law period for personal-injury torts."). Because a motion to amend is not before the court, Defendants' argument is premature and speculative.

Furthermore, Defendants argue in a single paragraph in their opening brief that any future amendment to the complaint to which would identify the Doe Officers would be time barred based on the applicable statute of limitations. (D.I. 11 at 6–7) In essence, the Defendants ask this court to dismiss the complaints, with prejudice, as to the Doe Officers, because a future amendment identifying them as Defendants, would be futile. (See *id.*)

Plaintiffs respond that if discovery reveals the identity of the Doe Officers, then amendment of the complaint would relate back to the original filing pursuant to Rule 15.[6] In support of this argument, Plaintiffs rely upon *Padilla* and *Ward*, contending these authorities support leave to amend their pleadings at some future time to identify the Doe Officers. (D.I. 14

---

[6] (c) Relation Back of Amendments. (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)–(3).

13

at 11–13) Defendants argue in their reply brief that the cases of *Padilla* and *Ward* do not support the Plaintiffs and instead support their motion to dismiss. (D.I. 17 at 9) Presently, there is no motion for leave to amend before the court. Therefore, it would be inappropriate for the court to address whether a future amendment would relate back under Rule 15(c) at the motion to dismiss stage.

The procedural posture of *Padilla* involved a motion for leave to amend four months after the close of discovery. *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004). The issue of whether amendment should be allowed to substitute known police officers in place of the John Doe defendants was in the proper procedural posture before the court and was not improperly raised in a motion to dismiss under Rule 12(b)(6).

Similarly in *Ward*, the issue of relation back of an amendment was properly before the court on a motion to amend under Rule 15(c). *Ward v. Taylor*, 250 F.R.D. 165, 168 (D. Del. 2008). Plaintiff argued that the relation back requirement was satisfied because the defendant officers had notice of the claims either through the shared attorney or identity of interest method.[7] *Id.* at 168-69. The court ultimately found the plaintiff was able to impute notice through the identity of interest method as the officer to be amended was in a "supervisory" capacity. *Id.* at 169.

In their reply brief, Defendants address the substantive issues in these cases, but do not address their procedural posture. It would be inappropriate for the court to engage in such

---

[7] "The 'shared attorney' method of imputing notice under Rule 15(c) rests on the notion that where the originally named party and the party sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Ward*, 250 F.R.D. at 168. (citations and internal quotations omitted). "The 'identity of interest' method of imputing notice under Rule 15(c) is related to the shared attorney method. Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other. *Id.* (citations and internal quotations omitted).

factual analysis at the motion to dismiss stage. In both *Padilla* and *Ward*, the officers subject to the motion to amend were named, and the court was able to assess what those officers knew, and when the plaintiffs discovered their identity.

The court will not rule on a motion to amend that has not yet been filed. Presently, there is no factual record before the court regarding whether future amendment would relate back to the date the original complaints were filed pursuant to Rule 15(c)(1). Furthermore, by arguing in support of the dismissal with prejudice of the Doe Officers, counsel for the named Defendants is, in effect, making arguments on behalf of presently unknown Defendants without entering a formal appearance on their behalf. Whether the identities of the Doe Officers will become known, prompting a future motion for amendment of the pleadings is speculative at this stage of the case.

Accordingly, Defendants' motion to dismiss the Section 1983 claims against the Doe Officers in Counts I through III for failure to state a claim, pursuant to Rule 12(b)(6) is **DENIED.**

### C. Count V - *Monell* Liability

Plaintiffs' Count V asserts *Monell* liability pursuant to Section 1983 against the City and Dover Police. Defendants argue that Plaintiffs fail to state a claim under *Monell*. It is well established that, "[w]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir.1996) (citations omitted). Constitutional claims under Section 1983 are allowed against municipalities to the same extent they are against individual defendants. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).

15

Plaintiffs argue that discovery is necessary to obtain the documents they require to support their claims. They assert they cannot gain access to records, such as those protected by the Delaware Law Enforcement Bill of Rights (D.I. 14 at 14 citing 11 *Del. C.* § 9200(c)(12), (d)(1)–(2)), without formal discovery.

This argument is contrary to established precedent. "[T]he doors of discovery [do not open] for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79; *see also Walgreens Specialty Pharm., LLC v. Atrium Admin. Servs., Inc.*, 2020 WL 6042280, at *4 (D.N.J. Oct. 13, 2020) ("[D]iscovery is not a fishing expedition for potential claims or defenses.").

The *Monell* claims, as currently pled, should be dismissed because the complaint fails to sufficiently allege a municipal policy or custom that amounts to deliberate indifference to the rights of people with whom the police come into contact and/or a direct causal link between a municipal policy or custom and an alleged constitutional deprivation. *See Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004).

The court finds that Plaintiffs have not provided enough facts to support their *Monell* claims. Indeed, Plaintiffs do not recite any facts in this portion of their complaints at all. (*See generally* Bracy Compl. at ¶¶ 43–51) Plaintiffs do not explain, or allege, a policy or custom the that would subject the City or Dover Police to liability under *Monell*. Plaintiffs' *Monell* claims cannot survive dismissal when they rest on conclusory allegations that the Doe Officers were improperly trained and acted pursuant to an unknown government policy or custom. (*See, e.g., id.* at ¶¶ 43–51)

Furthermore, the *Monell* claims brought against Chief Johnson in his individual capacity fail as a matter of law. *Spahr v. Collins*, C.A. No. 19-113-MN, 2021 WL 7209443, at *6 (D. Del. Dec. 17, 2020) (noting that *Monell* is only applicable to "political subdivisions and their

officials sued in their official capacities" in dismissing claims brought against officials' individual capacity).

Lastly, it is unclear if Plaintiffs are arguing the Defendants are liable based upon *respondeat superior*. While Plaintiffs plead liability pursuant to *respondeat superior* in the complaints, (*e.g.*, Bracy Compl. at ¶ 7), they cite opposite authority in their answering brief, stating "[t]his liability, however, is not derived from a *respondeat superior* relationship but from either a deliberate or acquiescent implementation of a particular practice which deprives citizens of a constitutionally protected right." (*See* D.I. 14 at 13) To the extent Plaintiffs are asserting any liability under this theory, such was explicitly prohibited in *Monell*. *See Monell*, 436 U.S. at 691.

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' *Monell* claims against the Dover Police Department and the City of Dover is hereby **GRANTED** and Plaintiffs' Count V; Perez Count II are dismissed without prejudice. Defendants' motion to dismiss the *Monell* claims (Count V; Perez Count II) against Chief Johnson individually pursuant to Rule 12(b)(6) for failure to state a claim is **GRANTED and** Plaintiffs' claims are dismissed without prejudice.

### D. Counts IV & VI - State Tort Claims

Plaintiffs' complaint alleges various state tort claims, Count IV, Intentional Infliction of Emotional Distress; Count VI, negligent hiring, negligent retention, negligent supervision, and negligent infliction of emotional distress, asserted against the Dover Police Department, Chief Johnson, and the City of Dover ("Perez Count IV"). Defendants argue that they are immune from liability on the claims asserted in Count VI based upon the County and Municipal Tort Claims Act, 10 *Del. C.* §4010. (D.I. 11 at 12–14) Plaintiffs acknowledge that immunity under the tort claims act applies. (D.I. 14 at 16) However, Plaintiffs argue that Defendants' conduct

17

falls into one of the exceptions. Section 4011(c) contains an exception "for those acts which were not within the scope of employment." § 4011(c). Section 4011(c) also sets forth an exception for acts "performed with wanton negligence or willful and malicious intent," § 4011(c).

Viewing the complaints in the light most favorable to the Plaintiffs, the complaints as currently pled fail to plausibly allege wanton negligence or willful and malicious intent on the part of any named or unnamed Defendants.

Accordingly, Defendants' motion to dismiss the negligence tort claims against the Dover Police Department, Chief Johnson, and the City of Dover is **GRANTED** and Plaintiffs' Count VI and Perez Count IV, are hereby dismissed without prejudice.

### i. Count IV - Intentional Infliction of Emotional Distress

Count IV asserts intentional infliction of emotional distress ("IIED") against the Defendants generally. (*See* Bracy Compl. at ¶¶ 40–42) Delaware follows the Restatement (Second) of Torts' definition of IIED. *Gary v. Deluxe Corp.*, C.A. No. 20-1632-RGA, 2022 WL 2817864, at *5 (D. Del. July 19, 2022). In order to sustain a claim for IIED Plaintiffs must plead "extreme and outrageous conduct [that] intentionally or recklessly causes severe emotional distress to another." Restatement (Second) of Torts § 46 (Am. L. Inst. 1965).

However, Plaintiffs' IIED claims fail as a matter of law against these entities because Delaware courts have routinely found that IIED does not qualify as a bodily injury under the statutory exceptions to the Delaware's County and Municipal Tort Claims Act. 10 *Del. C.* §§ 4010–4013; *Brown v. Evans*, C.A. No. 1:21-651-SB, 2021 WL 4973630, at *6 (D. Del. Oct. 25, 2021) (citing *Dickerson v. Phillips*, 2012 WL 2236709, at *2 (Del. Super. Ct. June 13, 2012)); *McCary v. Cunningham*, C.A. No. 21-667-TLA, 2022 WL 2802385, at *4 (D. Del. July 18, 2022) (collecting cases in support).

18

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' IIED claims in Count IV pursuant to Rule 12(b)(6) for failure to state a claim, is **GRANTED** without prejudice.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED–IN–PART and DENIED–IN–PART**:

- Defendants' motion to dismiss Plaintiffs' Section 1983 claims, Counts I through III (Perez Count I), against the Doe Officers, is **DENIED.**

- Defendants' motion to dismiss Plaintiffs' Section 1983 claims, Counts I through III (Perez Count I) against Chief Johnson, is **GRANTED**, without prejudice.

- Defendants' motion to dismiss Plaintiffs' *Monell* claims, Count V (Perez Count II) against the Dover Police Department and the City of Dover, is **GRANTED**, without prejudice.

- Defendants' motion to dismiss Plaintiffs' *Monell* claims, Count V (Perez Count II) against Chief Johnson, individually, is **GRANTED,** without prejudice.

- Defendants' motion to dismiss Plaintiffs' negligence tort claims, Count VI (Perez Count IV) against the Dover Police Department, Chief Johnson, and the City of Dover is **GRANTED**, without prejudice.

- Defendants' motion to dismiss Plaintiffs' IIED claims, Count IV, is **GRANTED,** without prejudice.

An Order accompanying this Opinion will issue.